Filed 3/4/22  P. v. Messer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C094223 |
| Plaintiff and Respondent, | (Super. Ct. No. P16CRF0133) |
| v. | |
| JESSE MESSER, | |
| Defendant and Appellant. | |

During a bout of road rage, defendant Jesse Dean Messer fired multiple rounds from a semiautomatic handgun into an occupied vehicle.  (*People v. Messer* (Oct. 9, 2020, C086503) [nonpub. opn.].)  A jury found defendant guilty of two counts of assault with a semiautomatic firearm, two counts of shooting at an occupied vehicle, and two counts of possession of a firearm by a convicted felon.  (*Ibid.*)  Following defendant's initial appeal, we remanded the matter for resentencing under newly enacted legislation applicable to him but affirmed in all other respects.  (*Ibid.*)  On appeal after remand, defendant argues:  (1) the case must be remanded to the trial court for resentencing under

1

amended Penal Code[1] section 654; (2) the order to pay the cost of preparing the probation report must be stricken as it is no longer authorized; and (3) the abstract of judgment must be amended to reflect the correct date of sentencing and number of custody credits following defendant's sentencing.

The People concede on all three grounds, and we agree. Accordingly, we vacate the cost imposed for preparation of the probation report. The matter is further remanded for the trial court to exercise discretion under amended section 654. When preparing an amended abstract of judgment, the trial court is directed to provide the date of resentencing upon remand and recalculate defendant's credits to that day.

FACTUAL AND PROCEDURAL BACKGROUND

I

*Facts Underlying The Conviction*

On April 7, 2016, defendant and his brother were driving in separate trucks on Highway 193 in Georgetown. (*People v. Messer*, *supra*, C086503.) Keith N. was driving in his own car, between defendant and his brother. (*Ibid.*) According to Keith, defendant's brother slammed on his brakes, causing Keith to do the same in front of defendant. (*Ibid.*) According to defendant's statement to police following his arrest, Keith pulled in front of defendant's truck and slammed on the brakes. (*Ibid.*) Regardless, defendant responded by firing at least two shots from a semiautomatic handgun at the back of Keith's car. (*Ibid.*) In an effort to avoid further confrontation, Keith pulled around defendant's brother's truck and continued down the highway. (*Ibid.*)

Keith eventually pulled into a parking lot less than a mile down the road, where he attempted to call a deputy sheriff who was an acquaintance but he was unsuccessful. (*People v. Messer*, *supra*, C086503.) As Keith attempted to leave the parking lot,

---

[1]    Undesignated section references are to the Penal Code.

2

defendant and his brother pulled into the parking lot and blocked Keith from leaving. (*Ibid.*) Both defendant and his brother got out of their respective trucks and approached Keith's car. (*Ibid.*) Keith maneuvered around the truck in front of him and as he began to drive away, defendant fired another round at the back of Keith's car. (*Ibid.*)

## II

### *Procedural History*

Defendant was convicted of two counts of assault with a semiautomatic firearm, two counts of shooting at an occupied vehicle, and two counts of possession of a firearm by a convicted felon. (*People v. Messer*, *supra*, C086503.) The trial court found true the allegations defendant had been previously convicted of a prior serious felony and had served five separate prior prison terms. (*Ibid.*) The trial court sentenced defendant to an aggregate term of 41 years eight months in prison, staying several of defendant's sentences under section 654, including the sentences for the two counts of shooting at an occupied vehicle. The trial court imposed only two prior prison term enhancements. Pursuant to section 1203.1b, the court found defendant was able to pay for the cost of preparing the probation report and imposed $109.50.

Defendant appealed, raising several claims, including that he was entitled to a new sentencing hearing in light of Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§ 1-2.), which gave trial courts discretion to strike prior serious felony conviction enhancements in the interest of justice, and Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1), which eliminated one-year prior prison term enhancements for defendants like defendant who had not been convicted of a qualifying offense. (*People v. Messer*, *supra*, C086503) We affirmed defendant's convictions but remanded the matter for a new sentencing hearing to allow the trial court to strike the prior prison term enhancements and exercise its discretion regarding the prior serious felony conviction enhancement. (*Ibid.*)

3

At resentencing, the trial court declined to strike the prior serious felony conviction enhancement. However, the court did strike all the prior prison term enhancements. The trial court left "completely untouched every other part of the sentence that was imposed back on January 29th of 2018."

Defendant appeals.

## DISCUSSION

## I

### *Defendant's Case Must Be Remanded For Resentencing Pursuant To The Newly Enacted Section 654*

At the time defendant was sentenced, former section 654, subdivision (a) provided: "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Stats. 1997, ch. 410, § 1.) Assembly Bill No. 518 (2021-2022 Reg. Sess.), which went into effect January 1, 2022, amended section 654 to allow trial courts to exercise discretion in choosing the count for which it will impose punishment, rather than requiring the longest potential term of imprisonment. (Stats. 2021, ch. 441, § 1.) Section 654, subdivision (a) now provides: "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under *either* of such provisions . . . ." (Italics added.) Defendant contends that because his case is not yet final, he is entitled to the benefits of amended section 654 pursuant to the principles of retroactivity established in *Estrada.* (*In re Estrada* (1965) 63 Cal.2d 740.) The People concede, and we agree.

In *Estrada*, our Supreme Court held, "a statute that reduced the punishment for a crime applied retroactively to any case in which the judgment was not final before the statute took effect." (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303.) " 'The

4

*Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara*, at p. 308) Assembly Bill No. 518 results in ameliorative changes to defendant's sentence, contains no indication the Legislature intended the amendment to apply prospectively only, and defendant's case was not final before amended section 654 went into effect on January 1, 2022. Thus, defendant is entitled to resentencing under amended section 654 and the matter will be remanded.

II

*The Order Requiring Defendant To Pay The Cost Of*

*Preparing The Probation Report Is Vacated*

Defendant contends, and the People concede, the order to pay the cost of preparing the probation report must be vacated pursuant to section 1465.9. We agree.

Assembly Bill No. 1869 (2019-2020 Reg. Sess.) repealed section 1203.1b, effective July 1, 2021, and added section 1465.9, subdivision (a), which provides: "On and after July 1, 2021, the balance of any court-imposed costs pursuant to . . . 1203.1b . . . shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, §§ 2, 47, 62.) The effect of this new legislation is twofold: (1) it renders the balance of any probation report costs owed by defendant under section 1203.1b unenforceable and uncollectible; (2) the portion of the judgment ordering the payment of those probation report costs must be vacated. (§ 1465.9; *People v. Greely* (2021) 70 Cal.App.5th 609, 626; *People v. Clark* (2021) 67 Cal.App.5th 248, 259.) This is fully consistent with the Legislature's intent to "eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a

5

result of the imposition of administrative fees."  (Stats. 2020, ch. 92, § 2; see *Clark*, at pp. 259-260.)

At defendant's original sentencing on January 29, 2018, the trial court ordered defendant to pay the cost of preparing the probation report in the amount of $109.50 pursuant to section 1203.1b.  At resentencing on April 16, 2021, the trial court struck defendant's prior prison term enhancements, but left "completely untouched every other part of the sentence" including the order to pay the cost of preparing the probation report. Thus, pursuant to section 1465.9, the portion of defendant's judgment ordering the cost of preparing the probation report is no longer collectible and must be vacated.

III

*The Trial Court Shall Amend The Abstract Of Judgment To Reflect*
*Defendant's Most Recent Sentencing Date And Custody Credits*

Defendant contends, and the People concede, the case must be remanded for correction of the abstract of judgment to reflect the correct sentencing date and the actual custody credits earned by defendant.  We agree.

Section 2900.1 provides that when a defendant has served a portion of a sentence imposed based upon a judgment which is subsequently modified during the term of imprisonment, the time served "shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal acts."  In *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, our Supreme Court held, "When . . . an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'  (§ 2900.1.)"  Thus, when a defendant is resentenced, all actual time spent in custody, whether in jail or prison, should be credited against the modified sentence, and such credit should be reflected in the amended abstract of judgment. (*Buckhalter*, at pp. 37, 41.)  This is not to say, however, that defendant is entitled to

6

additional credits for good behavior as a presentence detainee. Once defendant is sentenced and committed to prison, he remains in the custody of the Director of the Department of Corrections and Rehabilitation, serving time against his ultimate sentence, despite any later remand on sentencing issues. (*Id.* at p. 40.)

After resentencing defendant on April 16, 2021, the trial court failed to recalculate defendant's total custody credits and replace the original sentencing date on the abstract with the date of the resentencing. Under section 2900.1 and *Buckhalter*, the trial court should have done so. Because we are remanding for resentencing under section 654, we direct the trial court to recalculate defendant's custody credits and to prepare an amended abstract of judgment at that time.

### DISPOSITION

The portion of defendant's sentence imposing the cost of preparing the probation report is vacated. The matter is remanded for resentencing to allow the trial court to decide whether to exercise the discretion conferred by the recent amendment to section 654. The trial court is further directed to recalculate defendant's custody credits and prepare an amended abstract of judgment reflecting defendant's resentencing date. The amended abstract of judgment must then be forwarded to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

                                              /s/_____
                                              Robie, Acting P. J.

We concur:

/s/_____
Duarte, J.

/s/_____
Hoch, J.